IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON JAMES BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13CV369-MHT |
| ) | |
| CLARENCE R. SCOTT, JR., ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Brandon James Butler, proceeding *pro se* and *in forma pauperis*, brings the present action against Clarence R. Scott, Jr. By order entered on June 4, 2013, the presiding District Judge has referred this case to the undersigned Magistrate Judge for disposition or recommendation on all pretrial matters. (Doc. # 4). Plaintiff presented his allegations on a form complaint asserting a violation of his civil rights. He alleges that, while he was residing at the Veterans' Center in Troy, Alabama, defendant Scott – over a four year period ending in "Summer 2009" – "forced [plaintiff] to work labor jobs" and never paid him for the work. Plaintiff further alleges that he was mentally ill at the time and that, when he "didn't do well at work[,]" defendant "deprived [him] of food." (Complaint, ¶¶ 3-6). He demands one million dollars in damages and seven pairs of "Michael Jordan tennis shoes that Mr. Scott kept from [him]." (Id., ¶ 6).

Because plaintiff's complaint did not allege sufficient factual support for either a *Bivens* action or a § 1983 civil rights claim, the court ordered plaintiff to amend his

complaint, so that the court could ascertain the potential legal bases for his claims. (Doc. # 5). Upon review of plaintiff's complaint, as amended, the court concludes that dismissal of plaintiff's civil rights claims is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

To state a claim for relief, a complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Twombly, 550 U.S. at 555). "[C]omplaints ... must now contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 707 n. 2 (11th Cir. 2010)(internal quotation marks omitted). In assessing plaintiff's complaint, the court must determine whether the well-pleaded factual allegations of the complaint – assuming their veracity – "'plausibly give rise to an entitlement to relief.'" See American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)(citing Iqbal, 129 S.Ct. at 1950). While the court construes *pro se* pleadings liberally, it "may not act as *de facto* counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.'" Porter v. Duval County School Bd., 406 Fed. Appx. 460 (11th Cir. 2010)(unpublished opinion; citation omitted).

The court ordered plaintiff to amend his complaint to allege: (1) if this is so – that

---

[1] Section 1915 provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

defendant Scott is a federal official, a state official or acted under color of state law; and (2) if Scott is none of these, the factual bases for this court's subject matter jurisdiction. (Doc. # 5). In his amendment, plaintiff alleges that he does not believe that Scott was a government official and contends that this court's jurisdiction rests on diversity of citizenship because Scott still "dwells in this district while [plaintiff is] now a Florida citizen. (Doc. # 8).

A Bivens civil rights claim may be lodged only against a federal official or agent in his or her individual capacity. See F.D.I.C. v. Meyer, 510 U.S. 471, 484-85 (1994) (explaining rationale for Bivens remedy against individual federal officers and declining to extend it to federal agencies). To succeed in a § 1983 action, a plaintiff must demonstrate that the challenged conduct was committed by a person acting "under color of state law" and deprived the plaintiff of rights, privileges or immunities arising under the U.S. Constitution or federal law. Harvey v. Harvey, 949 F.2d 1127, 1130 (1992)(citing Flagg Brothers, Inc. v. Brooks., 436 U.S. 149, 156-57 (1978)). Plaintiff does not claim that Scott is a state or federal government official or that he acted "under color of state law." Accordingly, his complaint fails to allege a colorable civil rights claim.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's claims asserting a violation of his civil rights be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and that this matter be referred back to the

3

undersigned Magistrate Judge for further proceedings.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the plaintiff.  The plaintiff may file any objections to this Recommendation on or before July 14, 2013. Any objections must specifically identify the findings in the Magistrate Judge's Recommendation to which the plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  <u>Resolution Trust Co. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993);  <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 1st day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF  UNITED  STATES  MAGISTRATE  JUDGE